62 F.3d 1425
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Norma AMEZOLA, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
AMILCAR ALEXANDER MENJIVAR, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Javier Salazar ROSAS, Defendant-Appellant.
 Nos. 94-50141, 94-50144, 94-50146.
 United States Court of Appeals, Ninth Circuit.
 Submission Deferred Feb. 3, 1995.
Resubmitted July 25, 1995.*
Decided July 27, 1995.
 
 Before: BRUNETTI and KOZINSKI, Circuit Judges, and SHADUR,** District Judge
 MEMORANDUM***
 Norma Amezola, Amilcar Alexander Menjivar, and Javier Salazar Rosas appeal their convictions and sentences for carjacking, in violation of 18 U.S.C. Sec. 2119, and for use of a firearm during a crime of violence, in violation of 18 U.S.C. Sec. 924(c)(1). We have jurisdiction under 28 U.S.C. Sec. 1291.
 All three appellants claim that punishment pursuant to both Sec. 924(c)(1) and Sec. 2119 violates the Double Jeopardy Clause of the Fifth Amendment. We recently rejected this precise argument in United States v. Martinez, 49 F.3d 1398, 1401-03 (9th Cir. 1995). We affirm the district court's refusal to dismiss any of the indictments against appellants on the basis of double jeopardy.
 Appellants Rosas and Menjivar also appeal the district court's refusal to dismiss their indictments on the basis of selective prosecution, and the district court's refusal to grant discovery on that issue. Since the district court's decision in these cases, we decided United States v. Armstrong, 48 F.3d 1508 (9th Cir. 1995) (en banc). We decline to determine whether the district court must, may, or may not grant discovery on the facts of these cases following Armstrong, as we conclude that the issue is properly resolved as an initial matter by the district court. See United States v. Rendon-Abundez, No. 94-50352, slip op. at 8319-20 (9th Cir. July 13, 1995). We therefore remand the Rosas and Menjivar cases.
 On remand, if the district court determines that discovery is not justified, or, following appropriate proceedings, that Rosas and Menjivar have not made out a showing of selective prosecution so as to justify dismissal of their indictments, then the court shall enter new final judgments of conviction. See Goldberg v. United States, 425 U.S. 94, 111-112 (1976); United States v. Ogbuehi, 18 F.3d 807, 811-12 (9th Cir. 1994). If the district court concludes that Rosas and Menjivar were victims of selective prosecution, it shall vacate their convictions. Id. See Rendon-Abundez, slip op. at 8319-20.
 Amezola's conviction is AFFIRMED, Rosas's and Menjivar's cases are REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); Circuit Rule 34-4
 
 
 **
 Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3