62 F.3d 1425
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lynn Alvarez BRONCHO, Defendant-Appellant.
 No. 94-30420.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 7, 1995.*
Decided Aug. 9, 1995.
 
 Before: WRIGHT, BEEZER and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lynn Alvarez Broncho appeals her convictions after a jury trial of assault on a federal officer (18 U.S.C. Sec. 111) and use of a firearm during a crime of violence (18 U.S.C. Sec. 924(c)(1)). She raises numerous issues regarding the conduct of her trial and the propriety of her convictions. We have jurisdiction over her timely appeal, 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Broncho first argues that her convictions for the same conduct under both Sec. 111(b) and Sec. 924(c)(1) violated her rights under the Double Jeopardy Clause of the Fifth Amendment.
 
 
 4
 Broncho's convictions under two statutes for the same conduct did not put her twice in jeopardy if Congress clearly intended the punishments to be cumulative. Missouri v. Hunter, 459 U.S. 359, 366 (1983). We have held that, by enacting Sec. 924(c)(1), "Congress intended to authorize cumulative punishment for use of a weapon during any crime of violence ...." United States v. Martinez, 49 F.3d 1398, 1402 (9th Cir. 1995). We noted there that Congress amended Sec. 924(c) specifically to overrule the Supreme Court's decision in Busic v. United States, 446 U.S. 398 (1980), upon which Broncho primarily relies. Martinez, 49 F.3d at 1402 n.7.
 
 
 5
 Broncho argues that conviction under both statutes is particularly egregious in her case because she was convicted under 18 U.S.C. Sec. 111(b), which requires as an element of the offense that a deadly weapon be used in assaulting a federal officer. We rejected this argument in Martinez, where we held that Congress intended Sec. 924(c)(1) to apply with equal force even where the use of a firearm was an element of the predicate crime of violence. 49 F.3d at 1402.
 
 
 6
 Broncho's convictions under both statutes did not offend the Double Jeopardy Clause.
 
 II
 
 7
 Broncho next argues that there was insufficient evidence to support her conviction for assault on a federal officer, because no evidence was introduced at trial that she knew at the time of the assault that Tribal Officer Waterman was also a federal officer.
 
 
 8
 Knowledge of the victim's status as a federal officer is not an element of the crime of assault on a federal officer under Sec. 111. United States v. Feola, 420 U.S. 671, 684 (1975). Broncho's argument is without merit.
 
 III
 
 9
 Broncho contends that the district court erred by refusing to give a diminished capacity instruction as to the charge of assault on a federal officer.
 
 
 10
 This argument is also squarely foreclosed by controlling precedent. Assault on a federal officer under Sec. 111 is a general intent crime, to which diminished capacity is not a defense. United States v. Jim, 865 F.2d 211, 215 (9th Cir.), cert. denied, 493 U.S. 827 (1989). The district court correctly refused to give a diminished capacity instruction as to Sec. 111.
 
 IV
 
 11
 Broncho argues that the district court erred by refusing to grant her motion for a new trial, which was founded on the three errors discussed above. She also argues that she should have been granted a new trial because three physicians were unavailable to testify at her trial.
 
 
 12
 As we have concluded that the three alleged errors raised by Broncho in her new trial motion were not errors, the district court correctly denied the motion insofar as it was predicated upon them. As to the unavailable physicians, Broncho did not raise this argument before the district court; she withdrew the Renewed Motion for Continuance in which she had raised the issue. Where an argument was not raised before the district court, we review for plain error. United States v. Dischner, 974 F.2d 1502, 1514 (9th Cir. 1992), cert. denied, 113 S. Ct. 1290 (1993). It was not plain error for the district court to proceed with trial when Broncho's counsel and Broncho herself, both aware that the physicians would not be available, expressly consented to proceed.
 
 V
 
 13
 Broncho's next argument is that the district court erred by prohibiting the defense from impeaching Tribal Officer Waterman with his 1983 conviction for involuntary manslaughter under the Youth Corrections Act.
 
 
 14
 Broncho sought to use evidence of the conviction as general impeachment, and also sought to question Waterman regarding his alleged statements denying that he had a prior conviction. We review the district court's decision to exclude evidence of the prior conviction for an abuse of discretion. United States v. Perkins, 937 F.2d 1397, 1406 (9th Cir. 1991).
 
 
 15
 Evidence of a prior conviction "is not admissible if a period of more than ten years has elapsed since ... the release of the witness from the confinement imposed for that conviction," unless the district court determines that the probative value of the conviction substantially outweighs its prejudicial effect. Fed. R. Evid. 609(b). Waterman served a sixty day sentence for his crime and was released in April of 1983, more than 10 years prior to Broncho's trial. Broncho was therefore required to show "specific facts and circumstances" supporting the probative value of the conviction. Id. This she failed to do. The district court did not abuse its discretion in excluding the conviction for general impeachment purposes.
 
 
 16
 Broncho's contention that the ten year period should run from the date Waterman's probation ended is without merit. Probation is not "confinement" within the meaning of Rule 609(b). See United States v. Wallace, 848 F.2d 1464, 1472 (9th Cir. 1988) (holding prior conviction inadmissible where probation had been revoked and witness imprisoned within the ten year period prior to trial); see also United States v. Daniel, 957 F.2d 162, 168 (5th Cir. 1992) (holding probation not confinement under Rule 609(b)).
 
 
 17
 The district court refused to allow the defense to question Waterman regarding his alleged statements denying his prior conviction. In light of the fact that Waterman's conviction had been vacated under the Youth Corrections Act, the district court determined that any statements Waterman might have made denying that he had a felony conviction were not relevant to his veracity as a witness. We review the district court's relevance determinations for an abuse of discretion. United States v. Rubio-Topete, 999 F.2d 1334, 1338 (9th Cir. 1993).
 
 
 18
 The district court was well within its discretion in holding that denials of a vacated conviction were not relevant to Waterman's truthfulness.
 
 VI
 
 19
 Next, Broncho argues that the district court improperly allowed Adrian Edmo to testify concerning the dismissed count charging Broncho with attempted murder of Broncho's estranged husband.
 
 
 20
 We construe Broncho's objection and argument to be a contention that Edmo's testimony was improper evidence of other crimes, wrongs, or acts used "to show action in conformity therewith." Fed. R. Evid. 404(b). We review this question de novo. United States v. Warren, 25 F.3d 890, 895 (9th Cir. 1994).
 
 
 21
 Edmo testified that she saw Broncho and her husband outside her husband's house, that Broncho was speaking and that she raised a revolver, held it in both hands and fired shots in her husband's direction. Officers Waterman and Gonzalez testified that they heard the shots, and drove toward them to investigate, leading directly to the confrontation in which Broncho pointed the revolver at Waterman.
 
 
 22
 Evidence is not "other crimes" evidence when "the evidence concerning the 'other' act and the evidence concerning the crime charged are inextricably intertwined," or relate to the same course of criminal conduct. Id. (quoting United States v. Soliman, 813 F.2d 277, 278 (9th Cir. 1987)). Here, the assault upon Broncho's husband led directly to the confrontation for which Broncho was convicted. The admission of Edmo's testimony concerning Broncho's alleged assault on her husband was "necessary ... in order to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime" charged. United States v. Vizcarra-Martinez, No. 94-50281, 1995 WL 366970, at * 5 (9th Cir. June 21, 1995). We disagree. Where there is no error, there can be no cumulative error.
 
 
 23
 Broncho's convictions are AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without argument pursuant to Fed. R. App. P. 34(a) and Ninth Circuit Rule 34.4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3