70 F.3d 121
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee
v.
Mark Lee MURRAY, Defendant-Appellant.
 No. 95-10008.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 18, 1995.
Decided Nov. 1, 1995.
 
 Before: SKOPIL, PREGERSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Mark Lee Murray appeals his jury conviction for carjacking under 18 U.S.C. Sec. 2119 and for use of a firearm during and in relation to a crime of violence under 18 U.S.C. Sec. 924(C)(1). Murray maintains that the district court erred in finding that his waiver of Miranda rights was knowing and intelligent. He also maintains that his refusal to return the vehicle he was test driving does not constitute a "taking" of the car under 18 U.S.C. Sec. 2119. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm.
 
 FACTS AND PRIOR PROCEEDINGS
 
 3
 On May 10, 1993, defendant-appellant Mark Lee Murray test drove several cars at Champion Chevrolet, a car dealership located in Reno, Nevada. During these test drives, he was accompanied by salesman Robert Bonett. Bonett testified that while Murray was test driving the last car, Murray pulled out a gun and threatened to kill Bonett if he did not cooperate. Bonett asked Murray to exit the freeway. Murray refused. Bonett then asked to be let out of the car but Murray again refused. After Murray had driven nearly forty miles, Bonett jumped from the car while it was travelling at approximately fifty miles per hour. Murray abandoned the vehicle five to ten minutes later.
 
 
 4
 Murray testified that he and another man went to Reno, Nevada to collect a drug debt from Bonett for a man named Johnny. Murray maintained that Bonett owed Johnny $8,000 from an earlier methamphetamine transaction. He found Bonett at the car dealership and decided that the best way to collect the debt was to get Bonett alone by taking him for a test drive. Murray testified that after he pulled out his gun Bonett told him that he did not have the money and then jumped from the vehicle.
 
 
 5
 The FBI arrested Murray the day after Bonett jumped from the car. Murray made several incriminating statements to the FBI agents. Murray concedes that an agent read his Miranda rights to him and that he understood his rights and chose to waive them. Murray contends, however, that he waived his rights and made the statements only after the FBI agents promised him that if he cooperated the maximum sentence he would receive would be five to six years. Murray believed that the agents had the power to assure such a sentence.
 
 
 6
 During the trial, Murray moved to suppress his incriminating statements, arguing that his waiver was invalid. The trial court denied the motion. At the conclusion of the government's case, Murray moved for a judgment of acquittal pursuant to Fed.R.Crim.P. 29(a), maintaining that the government had failed to prove that his actions constituted a "taking" under the language of 18 U.S.C. Sec. 2119 (carjacking). The trial court denied the motion. Murray also moved to dismiss, arguing that the statutes he was charged under were constitutionally flawed. The trial court denied this motion also. The jury found Murray guilty of carjacking under 18 U.S.C. Sec. 2119 and the use of a firearm during and in relation to a crime of violence under 18 U.S.C. Sec. 924(C)(1). The court sentenced Murray to thirty five years in prison.[1]
 
 ANALYSIS
 
 7
 Murray raises three claims, each based on a motion made at trial. First, Murray contends that the trial court erred when it refused to suppress statements he made during custodial interrogation because they were induced by an improper promise. Second, Murray contends that the trial court erred by not granting his motion for judgment of acquittal because the government had failed to show that his actions constituted a "taking" within the meaning of 18 U.S.C. Sec. 2119 (carjacking). Finally, Murray contends that 18 U.S.C. Sec. 2119 is unconstitutional, both facially and as applied.
 
 
 8
 1. The trial court did not err by denying Murray's motion to suppress his incriminating statements.
 
 Standard of Review
 
 9
 Generally, motions to suppress are reviewed de novo. United States v. Manning, 56 F.3d 1188, 1196 (9th Cir.1995). The voluntariness of a waiver of Miranda rights is also reviewed de novo. United States v. Huynh, 60 F.3d 1386, 1387-88 (9th Cir.1995). A district court's factual findings that underlie its decision are reviewed under a clearly erroneous standard of review. United States v. Bland, 908 F.2d 471, 472 (9th Cir.1990)
 
 Discussion
 
 10
 Before the government subjects a defendant to "custodial interrogation" after an arrest, the government must inform the defendant of his or her right to remain silent and right to an attorney. Miranda v. Arizona, 384 U.S. 436 (1966). Where an accused chooses to waive these rights, the waiver must be voluntary, knowing, and intelligent. Moran v. Burbine, 475 U.S. 412, 421-22 (1986). To determine whether a waiver is voluntary, knowing, and intelligent, the court looks at the "totality of the circumstances." Id. at 421.
 
 
 11
 Murray contends that the "totality of the circumstances" surrounding his interrogation indicates that his waiver was not voluntary, knowing, and intelligent. Murray testified at trial that he made the incriminating statements because the interrogating agents promised him that if he cooperated he would receive no more than a six year sentence.
 
 
 12
 Whether the agents made a promise to Murray is a question of fact that the trial court resolved in favor of the government. The trial court specifically found that the agents had not promised Murray a lower sentence and that Murray's testimony about such a representation was not credible. We must accept the trial court's determinations of factual issues involving witness credibility unless Murray demonstrates the determinations were clearly erroneous. United States v. Clawson, 831 F.2d 909, 914 (9th Cir.1987), cert. denied, 488 U.S. 923 (1988). Murray does not point to any evidence which suggests that the district court's finding was "clearly erroneous." Because the trial court's findings of fact are sufficiently supported by the interviewing agent's testimony, we conclude that the motion to suppress was properly denied.
 
 
 13
 2. Murray's use of a gun, pointed at a salesman, while refusing to return a vehicle taken on a test drive constituted a "taking" of the vehicle under 18 U.S.C. Sec. 2119.
 
 Standard of Review
 
 14
 The denial of a motion for judgment of acquittal is reviewed to determine whether, based upon the evidence presented at trial, any rational trier of fact could have found that all the essential elements of the crime were proven beyond a reasonable doubt. United States v. Castaneda, 16 F.3d 1504, 1510 (9th Cir.1994).
 
 Discussion
 
 15
 Murray contends that his actions did not constitute a "taking" of a vehicle under the wording of the carjacking statute, 18 U.S.C. Sec. 2119. Murray states that when he took the vehicle for a test drive, he did so with the permission of the car dealer, and thus he had a possessory interest in the vehicle that precluded him from "taking" it within meaning of Sec. 2119.
 
 
 16
 In construing the language of the statute, "the plain meaning of the words used is controlling 'absent a clearly expressed legislative intention to the contrary.' " Powell v. Tucson Air Museum Foundation of Pima, 771 F.2d 1309, 1311 (9th Cir.1985) (citations omitted). The statute makes punishable a person who (1) "possessing a firearm," (2) "takes a motor vehicle" (3) "that has been transported, shipped, or received in interstate or foreign commerce" (4) "from the person or presence of another," (5) "by force and violence or by intimidation."[2] Thus, at issue is whether Murray's actions constituted a "taking" of a motor vehicle "by force and violence or by intimidation."
 
 
 17
 Black's Law Dictionary, in part, defines "take" as "to obtain or assume possession of a chattel unlawfully, and without the owner's consent; to appropriate things to one's own use with felonious intent." Black's Law Dictionary 1453 (6th ed. 1990). Based on this definition, Murray's actions clearly constitute a "taking ... by force and violence or by intimidation."[3]
 
 
 18
 According to the testimony at trial, Murray used a gun to obtain or assume possession of the vehicle unlawfully and without the owner's consent. Although Murray was test driving the vehicle, he was required to comply with the directions of the salesman who accompanied him on the test drive. Therefore, based on the evidence presented at trial, it is clear that a reasonable juror could have found that all elements of the crime had been proved. Under these circumstances, the trial court did not err in denying Murray's motion for judgment of acquittal.
 
 
 19
 3. The statutes that Murray was convicted under were not constitutionally flawed.
 
 
 20
 Murray challenges the constitutionality of his conviction on several additional grounds. He first argues that 18 U.S.C. Sec. 2119 exceeds Congress's power under the Commerce Clause. He next argues that the application of both 18 U.S.C. Sec. 2119 and 18 U.S.C. Sec. 924(C)(1) to the same action constitutes a violation of the Double Jeopardy clause of the United States Constitution. Murray also argues that Congress did not intend to impose cumulative punishment for the violation of both statutes. As Murray candidly admits, we have previously considered and rejected these arguments. See United States v. Martinez, 49 F.3d 1398, 1400-03 (9th Cir.1995).
 
 
 21
 Murray finally argues that the carjacking statute is unconstitutionally vague as applied to him. A criminal statute is vague if it fails to provide adequate notice of prohibited conduct in terms that a reasonable person of ordinary intelligence would understand. United States v. Hogue, 752 F.2d 1503, 1504 (9th Cir.1985); Martinez, 49 F.3d at 1403. As discussed above, the language of 18 U.S.C. Sec. 2119 is clear in that a reasonable person would understand that it prohibits carjacking. The fact that Murray used a gun to take a car he was test driving does not make the statute vague as applied to him. Because the statute adequately provides notice of the conduct it prohibits, we conclude that it is not unconstitutionally vague as applied to Murray's actions.
 
 
 22
 We AFFIRM.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Murray received 180 months for his conviction under 18 U.S.C. Sec. 2119 and 240 months for his conviction under 18 U.S.C. Sec. 924(c)(1). The sentences run consecutively
 
 
 [2]
 Section 2119, as it read in 1993, provides,
 Whoever, possessing a firearm as defined in section 921 of this title, takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall--
 (1) be fined under this title or imprisoned not more than 15 years, or both,
 (2) if serious bodily injury (as defined in section 1365 of this title) results, be fined under this title or imprisoned not more than 25 years, or both, and
 (3) if death results, be fined under this title or imprisoned for any number of years up to life or both.
 18 U.S.C.A. Sec. 2119 (1992).
 In 1994, Sec. 2119 was amended to read,
 Whoever, with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall--
 (1) be fined under this title or imprisoned not more than 15 years or both,
 (2) if serious bodily injury (as defined in section 1365 of this title) results, be fined under this title or imprisoned not more than 25 years, or both, and
 (3) if death results, be fined under this title or imprisoned for any number of years up to life, or both, or sentenced to death.
 18 U.S.C.A. Sec. 2119 (1995) (emphasis added).
 
 
 [3]
 Murray's contention that the test drive scenario creates a unique relationship that would preclude him from taking the car within the meaning of the statute is further rebutted by an examination of the legislative history of 18 U.S.C. Sec. 2119. A survey of comments made on the floor of the House and Senate on the statute reveals that the inclusion of "test drive carjackings" may have been considered by the legislature. While most examples of the conduct reached by the statute involved more traditional carjacking, one senator listed as an example of carjacking a situation in which a man test driving a car pulled out a gun and ordered the owner from the vehicle. 138 Cong.Rec. S15287-04, S15332 (1992) (statement of Sen. Pressler)