70 F.3d 1278
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donald HENRICKSON, Petitioner-Appellant,
v.
Chase RIVELAND, Respondent-Appellee.
 No. 94-36147.
 United States Court of Appeals, Ninth Circuit.
 Submitted* Nov. 13, 1995.
Decided Dec. 4, 1995.
 
 Before: WRIGHT, FERNANDEZ and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Washington state statutes punish recidivist sex offenders harshly by first enhancing to a felony the gross misdemeanor of communication with a minor for immoral purposes, RCW 9.68A.090, and then using that felony to create a kidnapping offense. RCW 9A.40.020. We conclude that the interaction between the statutes does not violate the offender's equal protection rights.
 
 
 3
 Henrickson is not a member of a suspect class and no fundamental rights are implicated, so we review his equal protection argument under the rational basis test. Heller v. Doe, 113 S.Ct. 2637, 2642 (1993). We must uphold the legislature's classification "unless the varying treatment of different groups or persons is so unrelated to the achievement of any combination of legitimate purposes that we can only conclude that the legislature's actions were irrational." Vance v. Bradley, 440 U.S. 93, 97 (1979).
 
 
 4
 Legislative findings in the chapters containing the two statutes indicate the state legislature's concerns about protecting children from sexual abuse and creating proportionate penalties for crimes in general. See RCW 9.68A.001; RCW 9A.04.020(1)(a), (d). Although the legislative history does not specifically address the interaction between the kidnapping statute and the enhanced crime of felonious communication, the legislature is not required to "articulate at any time the purpose or rationale supporting its classification." Heller, 113 S.Ct. at 2642.
 
 
 5
 We agree with the state's contention that the legislature has a "legitimate and substantial interest in protecting children from assailants who have proven their capacity to victimize." There is a rational basis for considering offenses committed against children by prior sex felons to be more dangerous and serious in both respects.
 
 
 6
 The reply brief argues that the combination of the statutes creates an impermissible double punishment. Although cloaked as an equal protection issue, this argument raises a question of statutory interpretation or double jeopardy. See, e.g., Simpson v. United States, 435 U.S. 6 (1978) (statutory interpretation); United States v. Martinez, 49 F.3d 1398 (9th Cir.1995) (double jeopardy). Generally, an appellant may not raise new issues in his reply brief. Thompson v. Commissioner, 631 F.2d 642, 649 (9th Cir.1980), cert. denied, 452 U.S. 961 (1981); Fed.R.App.P. 28(c). Because the double punishment argument was not raised before and the state did not have an opportunity to respond, we do not consider it.[1]
 
 
 7
 We AFFIRM the judgment of the district court dismissing Henrickson's petition for a writ of habeas corpus.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Even if we were to consider the argument, the combination of statutes does not create an impermissible double punishment because the charges require proof of different facts. Cf. Simpson, 435 U.S. at 11. A defendant may be charged with two separate crimes if the legislature intended the multiple punishment. Martinez, 49 F.3d at 1402