87 F.3d 1323
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jorge Lopez CAMACHO, Defendant-Appellant.
 No. 94-50476.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 10, 1996.[1]
Decided June 12, 1996.
 
 1
 Before: GOODWIN and RYMER, Circuit Judges, and MARQUEZ,[2] District Judge.
 
 MEMORANDUM[3]
 BACKGROUND
 
 2
 Jorge Lopez Camacho ("Camacho") appeals his conviction by jury trial and sentence under the Sentencing Guidelines for arson (18 U.S.C. § 844(i)) (Count One), using and carrying destructive devices, a Molotov Cocktail, in relation to a violent crime (18 U.S.C. § 924(c)(1)) (Count Two), and possession of an unregistered destructive device (26 U.S.C. § 5861(d)) (Count Three).
 
 
 3
 In the early morning hours of December 12, 1993, Camacho and Co-Defendant Gomez accosted four individuals, David Rosales, Rubin Rosales, Alfred Torres, and Cesar Buendiaz, who were walking along the street. A couple of fights took place and Rubin Rosales easily won a fight with Camacho.
 
 
 4
 When the fights were over, the four men continued to the apartment house where David Rosales and Alfred Torres lived, 1000 South Mariposa Avenue in Glendale, California. Rubin Rosales and Buendiaz went to their respective homes.
 
 
 5
 Shortly after reaching their apartment, David Rosales and Torres went to bed. The occupants of the apartment were awakened by the sound of an explosion followed quickly by another explosion. A Molotov Cocktail crashed through their living room window and the apartment burst into flames. The occupants of the apartment were able to escape from the fire.
 
 
 6
 Lieutenant Don Meredith of the Glendale Police Department was driving near the apartment building and heard the noise of the explosions. He turned and saw Camacho and Gomez fleeing from the front of the apartment building. Camacho escaped, but was apprehended the next day. Camacho and Gomez were identified by Lieutenant Meredith as the two men running from the apartment building. Other witnesses also identified the two defendants. Camacho confessed to throwing a Molotov Cocktail, in revenge, after losing the fight.
 
 
 7
 Camacho and Gomez were convicted by a jury on all counts. The court imposed a sentence of 57 months on Counts One and Three, to run concurrently, and further imposed a mandatory consecutive sentence of 360 months on Count Two.
 
 ISSUES PRESENTED
 
 8
 1. Does Prosecution Under 18 U.S.C. § 844(i) and § 924(c)
 
 
 9
 Exceed Federal Jurisdiction Under the Commerce Clause?
 
 
 10
 Camacho argues that Congress lacked the authority under the Commerce Clause to proscribe the commission of arson in this case.
 
 Section 844(i) provides as follows:
 
 11
 Whoever maliciously damages or destroys, or attempts to damage or destroy, by means of fire or an explosive, any building, vehicle, or other real or personal property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce, shall be imprisoned for not more than ten years or fined not more than $10,000, or both; ....
 
 
 12
 18 U.S.C. § 844(i) (1994). The question of whether 18 U.S.C. § 844(i) applies to an apartment building was decided by the Supreme Court in Russell v. United States, 105 S.Ct. 2455 (1985).
 
 
 13
 Camacho does not dispute that the building in question was an apartment building being rented to tenants. In Russell, the Supreme Court said,
 
 
 14
 The legislative history indicates that Congress intended to exercise its full power to protect "business property." ... In sum, the legislative history suggests that Congress at least intended to protect all business property, as well as some additional property that might not fit that description, but perhaps not every private home.
 
 
 15
 By its terms, however, the statute only applies to property that is "used" in an "activity" that affects commerce. The rental of real estate is unquestionably such an activity....
 
 
 16
 Petitioner was renting his apartment building to tenants at the time he attempted to destroy it by fire. The property was therefore being used in an activity affecting commerce within the meaning of § 844(i).
 
 
 17
 Id. at 2457.
 
 
 18
 Camacho does not refer to Russell in his briefs, however, he relies on United States v. Lopez, 115 S.Ct. 1624 (1995). In Lopez, the Supreme Court held that a statute banning the possession of firearms on or near school grounds, 18 U.S.C. 922(q), violated the Commerce Clause because such conduct would not necessarily have a substantial effect on interstate commerce.
 
 
 19
 As pointed out by the Appellee, in light of Russell's explicit holding that Congress may proscribe commission of arson at a rental apartment building, Lopez could affect this case only if it overruled Russell. This it did not do. The opinion in Lopez does not even mention Russell. There is no conflict between Lopez and Russell.
 
 
 20
 Camacho also relies on United States v. Pappadopoulos, 64 F.3d 522 (9th Cir.1995). In Pappadopoulos, the Ninth Circuit held that 18 U.S.C. § 844(i) did not apply to a privately-owned residence. Again, there is no conflict between the two cases. Pappadopoulos involved a residence that was not used for commercial purposes. In fact, the Ninth Circuit, in Pappadopoulos, specifically recognized the applicability of Russell to commercial property and noted that "Russell left open the question whether all private residences are covered ..." Id. at 525. Because the reasoning in Pappadopoulos is limited to private residences, it does not conflict with the result in this case.
 
 
 21
 Camacho further argues that the court erred in instructing the jury on the elements of the arson offense. The district court instructed the jury as follows:
 
 
 22
 A building is used in interstate commerce, or any activity affecting interstate commerce, if the building itself is used for the business or commercial purpose or if that building purchases, sells, or uses goods that originated or came from out of state. A residential apartment building with multiple rental units is a building in interstate commerce.
 
 
 23
 (Appellant's Opening Brief at 10.) Under Russell, this instruction was a correct statement of the law.
 
 
 24
 Camacho appears to argue that the court's instructions improperly removed from the jury consideration of the interstate commerce element of the arson offense. There is no merit to this argument. The court's instructions properly left to the jury the fact finding necessary for application of the legal proposition, "namely whether the building named in the indictment was the subject of the arson and whether that building was in fact a rental apartment building, and hence the ultimate finding as to whether the interstate commerce element had been proved beyond a reasonable doubt." (Appellee's Brief at 10-11.)
 
 
 25
 2. Does 18 U.S.C. § 844(i) Provide an Insufficient Predicate
 
 
 26
 for the Imposition of an Enhancement Under 18
 
 
 27
 U.S.C. § 924(c)?
 
 
 28
 Title 18 U.S.C. § 924(c) (1994) provides in part as follows:
 
 
 29
 Whoever, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years, ... and if the firearm is a machine gun, or a destructive device, or is equipped with a firearm silencer or firearm muffler, to imprisonment for thirty years....
 
 
 30
 Camacho contends that the imposition of cumulative punishments under both § 844(i) and § 924(c) violates the Double Jeopardy Clause. There is no merit to this contention.
 
 
 31
 Whether imposition of consecutive sentences for violation of two statutes is unconstitutional is a legal question subject to de novo review. United States v. McConney, 728 F.2d 1195, 1201 (9th Cir.) (en banc), cert. denied, 469 U.S. 824 (1984).
 
 
 32
 Whether two statutes define the same offense for purposes of double jeopardy is determined, as a general matter, by applying the "same elements" test of Blockburger v. United States, 52 S.Ct. 180 (1932). Under that test, two offenses are different if each statute requires proof of an element that the other does not.
 
 
 33
 Camacho claims that the two statutes define the same offense under the Blockburger test because a defendant cannot commit an arson without the use of a destructive device. Section 844(i) prohibits the destruction of property by "fire or an explosive," 18 U.S.C. 844(i), and Camacho was charged in the indictment under the "fire" clause. In order to prove Camacho's violation of § 844(i), it was not necessary for the Government to show that Camacho used a destructive device, here a Molotov Cocktail, to start the fire at the apartment house; rather, all that was required was that Camacho somehow started the fire. A violation of § 844(i) occurs when the fire is used to destroy property, regardless of the particular method used to start the fire.
 
 
 34
 Camacho claims that under the statutory definition of "destructive device" found in 18 U.S.C. § 921(a)(4), a match, or any other implement capable of producing fire, is a destructive device because it contains combustible material and is designed to ignite that combustible material. The explicit language of § 921(a)(4) goes against this assertion, stating that a device that is "neither designed nor redesigned for use as a weapon" does not constitute a destructive device. Obviously, a match is not designed or redesigned for use as a weapon, meaning that it is not a "destructive device" within the meaning of § 921(a)(4). Camacho may be guilty of violating § 844(i) without also violating § 924(c) by using a destructive device.
 
 
 35
 Even if the two statutes constitute the same "offense" for purposes of double jeopardy analysis, cumulative punishment may still be imposed in a single proceeding if Congress has expressly authorized it. United States v. Gonzalez, 800 F.2d 895, 898 (9th Cir.1986).
 
 
 36
 Where, as here, a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the "same" conduct under Blockburger, a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial.
 
 
 37
 Missouri v. Hunter, 459 U.S. 359, 369 (1983). The key issue is the proper interpretation of Congressional intent.
 
 
 38
 The legislative history of § 924(c) supports the conclusion that Congress intended to impose cumulative punishment for violations of § 844(i) and § 924(c). The statute provides that the penalties set forth in § 924(c) are to be imposed "[n]otwithstanding any other provision of law," and are not to "run concurrently with any other term of imprisonment including that imposed for the crime of violence or drug trafficking crime in which the firearm was used or carried."
 
 
 39
 The statute clearly intends that any punishment under § 924(c) be in addition to the punishment or enhanced punishment for the underlying crime. See United States v. Martinez, 49 F.3d 1398, 1402-03 (9th Cir.1995), cert. denied, 116 S.Ct. 749 (1996).
 
 
 40
 As pointed out by the Government, several courts have already held that § 924(c) applies even where the predicate offense has, as an element, the use of a firearm. This issue has been addressed in the context of the interplay between the Federal Carjacking Statute, 18 U.S.C. § 2119, and § 924(c). United States v. Moore, 43 F.3d 568, 573 (11th Cir.1994), cert. denied, 116 S.Ct. 212 (1995); United States v. Overstreet, 40 F.3d 1090, 1094-95 (10th Cir.1994), cert. denied, 115 S.Ct. 1970 (1995); United States v. Jones, 34 F.3d 596, 601-02 (8th Cir.1994), cert. denied, 115 S.Ct. 1701 (1995); United States v. Johnson, 32 F.3d 82, 85-86 (4th Cir.), cert. denied, 115 S.Ct. 650 (1994); United States v. Mohammed, 27 F.3d 815, 820-21 (2d Cir.), cert. denied, 115 S.Ct. 451 (1994); United States v. Johnson, 22 F.3d 106, 108 (6th Cir.1994); United States v. Singleton, 16 F.3d 1419, 1425 (5th Cir.1994).
 
 
 41
 For all of the foregoing reasons, the district court did not err in concluding that the imposition of consecutive sentences under § 844(i) and § 924(c) does not violate Camacho's double jeopardy rights.
 
 CONCLUSION
 
 42
 The judgment of conviction and sentence are AFFIRMED.
 
 
 
 [1]
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 [2]
 Honorable Alfredo C. Marquez, Senior U.S. District Judge for the District of Arizona, sitting by designation
 
 
 [3]
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3