**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 19 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ELWOOD M. ARMSTRONG,

Defendant-Appellant.

No. 96-3273
(D.C. No. 96-3261-EEO)
(D. Kan.)

---

ORDER AND JUDGMENT[*]

---

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  Therefore, the case is ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Elwood M. Armstrong, appearing pro se, requests a certificate of appealability to appeal the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. We conclude Armstrong is not entitled to a certificate of appealability and dismiss the appeal.

Armstrong was convicted of attempted bank robbery in violation of 18 U.S.C. § 2113(a) and was sentenced to 210 months' imprisonment. On direct appeal, we rejected Armstrong's assertion that evidence presented at trial was insufficient to establish the element of intimidation. United States v. Armstrong, 54 F.3d 788, 1995 WL 275712 (10th Cir. 1995) (table). Armstrong filed this § 2255 motion, claiming his trial attorney was ineffective.

The Antiterrorism and Effective Death Penalty Act of 1996 requires a § 2255 petitioner to obtain a certificate of appealability prior to appealing a final order of the district court. 28 U.S.C. § 2253(c)(1)(B). A habeas petitioner is entitled to a certificate of appealability only if he has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). We have held that the standard for granting a certificate of appealability under the Act is the same as the standard set out by the Supreme Court in Barefoot v. Estelle, 463 U.S. 880 (1983). See Lennox v. Evans, 87 F.3d 431, 434 (10th Cir. 1996), cert. denied 117 S. Ct. 746 (1997). Under the Barefoot standard, a certificate will issue only where the petitioner has demonstrated the issues raised are debatable among

jurists of reason, a court could resolve the issues differently, or the questions presented are deserving of further proceedings. See Barefoot, 463 U.S. at 893 n.4.

Armstrong contends trial counsel was ineffective because of failure to properly present a defense based upon Armstrong's alleged voluntary intoxication at the time of the charged offense. More specifically, he argues counsel failed to investigate, prepare, and present a defense based on the voluntary intoxication, and failed to insure the giving of appropriate jury instructions relating to the law of "attempt," and in particular instructions relating to specific intent and Armstrong's intoxication defense. To prevail on his claim of ineffective assistance of counsel, Armstrong must demonstrate that counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance was so prejudicial "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984).

Although voluntary intoxication may be established as a defense to a specific intent crime, it is not a defense to a general intent crime. See United States v. Sands, 968 F.2d 1058, 1064 (10th Cir. 1992), cert. denied 506 U.S. 1056 (1993); United States v. Soundingsides, 820 F.2d 1232, 1242 (10th Cir. 1987).

Thus, Armstrong's ineffective assistance of counsel claims hinge upon whether he was charged with a specific intent crime or a general intent crime.

Armstrong was charged under 18 U.S.C. § 2113(a), which proscribes two different types of criminal activity:

> Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to . . . any bank . . .; or
> Whoever enters or attempts to enter any bank . . . with intent to commit in such bank . . . any felony affecting such bank . . . and in violation of any statute of the United States, or any larceny--
> Shall be fined under this title or imprisoned not more than twenty years, or both.

Although specific intent is an element of an offense under the second paragraph, it is not an element of an offense under the first paragraph. United States v. Johnston, 543 F.2d 55, 58 (8th Cir. 1987) ("A simple comparison of the language in the two paragraphs of § 2113(a) convinces us that Congress chose to define the second paragraph in terms of specific intent and consciously did not include language of specific intent in the first paragraph.").

The record clearly indicates Armstrong was charged with violating the first paragraph. In particular, the single-count information provides in pertinent part:

> On or about the 12th day of May, 1994, in the District of Kansas, ELWOOD M. ARMSTRONG, did by force and violence, and by intimidation, attempt to take from the person and presence of Rita K. Clements money belonging to, and in the care, custody, control, management and possession of the Twin City State Bank, 4020 Rainbow, Kansas City, Kansas, a financial institution the deposits of which were

-4-

insured by the Federal Deposit Insurance Corporation, in violation of Title 18, United States Code, Section 2113(a).

Record I at doc. 6. Although the information does not expressly cite the first paragraph of § 2113(a), the specific language used clearly indicates the information is based on the first paragraph. Accordingly, the information charged Armstrong with a general intent crime. Because he was charged with a general intent crime, voluntary intoxication was not a viable defense. Thus, Armstrong was not prejudiced by his trial counsel's alleged failure to investigate, prepare, and present a defense based on such alleged intoxication. Likewise, Armstrong was not prejudiced by his trial counsel's alleged failure to provide proposed jury instructions on specific intent and the intoxication defense or to object to the instructions actually given.

We note in passing that the district court instructed the jury that "attempt" means "willfully to take some substantial step in an effort to bring about or accomplish something the law forbids to be done." Record I at doc. 58. Further, the court instructed the jury that "willfully" is an act done voluntarily and purposely, with specific intent to do that which the law forbids, with bad purpose either to disobey or to disregard the law. Neither of these instructions transformed the charged offense into a specific intent crime so as to entitle Armstrong to raise the defense of voluntary intoxication or to entitle him to an instruction on this defense. See United States v. Martinez, 49 F.3d 1398, 1401

(9th Cir. 1995) ("While the district court's decision to give a specific intent instruction for a general intent crime may have created a 'windfall' for the defendant, it did not entitle him to a diminished capacity defense, which is only cognizable for specific intent crimes."), <u>cert. denied</u> 116 S. Ct. 749 (1996).

Armstrong's application for a certificate of appealability is DENIED and this appeal is DISMISSED.  The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge