UNITED STATES of America,
Plaintiff–Appellee,

v.

Peter A. BEIERLE, Defendant–Appellant.

No. 95–35286.

United States Court of Appeals,
Ninth Circuit.

Submitted * Jan. 22, 1996.

Decided March 6, 1996.

Peter A. Beierle, Sheridan, Oregon, in pro se, for defendant-appellant.

Fred N. Weinhouse, Assistant United States Attorney, Portland, Oregon, for plaintiff-appellee.

Before SNEED, SKOPIL, and FERGUSON, Circuit Judges.

Opinion by Judge SNEED.

SNEED, Circuit Judge:

Defendant Peter Beierle appeals the district court's denial of his 28 U.S.C. § 2255 motion. Beierle contends that his 25–year sentence should be reduced to 20 years, the statutory maximum for unarmed bank robbery under 18 U.S.C. § 2113(a), because the district court erroneously enhanced his sentence under section 2113(d), after related firearms charges were dismissed pursuant to a plea agreement. We have jurisdiction pursuant to 28 U.S.C. §§ 1291, 2255, and we affirm.

I.

On February 17, 1988, Peter Alexander Beierle was charged in federal court with (1) armed bank robbery in violation of 18 U.S.C.

* The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34– 4 and Fed.R.App.P. 34(a).

§ 2113(a, d); (2) unlawfully carrying a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c)(1); and (3) possession of an unregistered sawed-off shotgun in violation of 26 U.S.C. §§ 5861(d), 5871. On April 14, 1988, Beierle entered a no contest plea to count I, armed bank robbery, in exchange for dismissal of counts II and III.

In connection with the no contest plea, Beierle signed a petition and order for entering a no contest plea, which stated that he had consulted with his attorney and read the indictment, understood the charges, understood the maximum sentence was 25 years' imprisonment and a $250,000 fine, and was pleading no contest freely and voluntarily. During the plea colloquy, Beierle confirmed that he understood the terms and effect of the plea agreement, including the 25-year sentence maximum, stated that he was satisfied with his attorney's performance, and asked the court to accept the plea. Beierle did not object to the calculation of his sentence. On May 23, 1988, he was sentenced to 25 years' imprisonment.

■ Beierle filed a section 2255 motion to vacate, set aside, or correct his sentence on January 31, 1995. The district court denied the motion on March 10, 1995. Beierle timely appeals. We review the denial of Beierle's section 2255 motion de novo. *Sanchez v. United States,* 50 F.3d 1448, 1451 (9th Cir. 1995).

### II.

Beierle contends principally that the maximum sentence that could be imposed on him after he pleaded no contest to armed bank robbery was 20 years, under 18 U.S.C. § 2113(a). He argues that the 25-year sentence imposed on him under 18 U.S.C. § 2113(d) was improper because the government had dismissed the counts charging him with use of a firearm during the robbery. This argument misstates the law.

18 U.S.C. § 2113 provides in pertinent part:

(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another

... any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association ...

Shall be fined under this title or imprisoned not more than twenty years, or both.

.        .        .        .        .

(d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both.

18 U.S.C. § 2113(a, d).

■ Armed bank robbery under section 2113(d) is an aggravated form of bank robbery as defined in section 2113(a), not a separate offense. *See United States v. Dinkane,* 17 F.3d 1192, 1196 (9th Cir.1994); *United States v. Burnette,* 698 F.2d 1038, 1044 n. 9 (9th Cir.), *cert. denied,* 461 U.S. 936, 103 S.Ct. 2106, 77 L.Ed.2d 312 (1983). Where the count to which Beierle pleaded no contest charged him with violating both sections, it was proper to impose the enhanced sentence under section 2113(d).

■ Moreover, there was no error in sentencing Beierle under section 2113(d) after count II, charging him with violating section 924(c)(1), had been dismissed. The latter provision states:

Whoever, during and in relation to any crime of violence ... (including a crime of violence ... which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence ... be sentenced to imprisonment for five years, and if the firearm is a short-barreled rifle, short-barreled shotgun, or semiautomatic assault weapon, to imprisonment for ten years.... [N]or shall the term of imprisonment imposed under this subsection run concurrently with any other

term of imprisonment including that imposed for the crime of violence ... in which the firearm was used or carried. 18 U.S.C. § 924(c)(1). The statute clearly intends that any punishment under section 924(c)(1) be in addition to the punishment or enhanced punishment for the underlying crime. *See United States v. Martinez*, 49 F.3d 1398, 1402–03 (9th Cir.1995), *cert. denied*, —— U.S. ——, 116 S.Ct. 749, 133 L.Ed.2d 696 (1996).[1] Had count II not been dismissed, Beierle could have received a consecutive sentence of ten years for this violation. *See* 18 U.S.C. § 924(c)(1); *United States v. Cannizzaro*, 871 F.2d 809, 810 (9th Cir.) (consecutive sentences can be imposed for convictions under sections 2113(d) and 924(c)), *cert. denied*, 493 U.S. 895, 110 S.Ct. 245, 107 L.Ed.2d 195 (1989). The fact that this count was dismissed pursuant to the plea bargain does not negate the fact that he used a dangerous weapon during the robbery pursuant to section 2113(a, d), and pleaded no contest to that charge.

■ Beierle raises several additional claims on appeal that were not raised in his original motion in district court, including ineffective assistance of counsel, violation of Fed.R.Crim.P. 11, prosecutorial misconduct, involuntary guilty plea, and violations of his fifth amendment rights to due process and equal protection. These claims are waived because they were not raised below. *See United States v. Johnson*, 988 F.2d 941, 945 (9th Cir.1993); *United States v. Keller*, 902 F.2d 1391, 1395 (9th Cir.1990). Even if they were properly before us, however, they would fail because all are derivative of Beierle's incorrect claim that his sentence exceeded the maximum allowable.[2]

Beierle's sentence conformed with the applicable law, and the record indicates that Beierle fully understood the indictment, the plea, and the maximum sentences permissible under each. The district court properly denied Beierle's section 2255 motion.

The district court judgment is AFFIRMED.

---

1. Beierle cites *Simpson v. United States*, 435 U.S. 6, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978), for the proposition that "a defendant sentenced under § 2113(d) could not receive an additional consecutive penalty under 924(c)." That was an accurate statement of the law until 1984, when Congress overruled *Simpson* by enacting the current version of section 924(c). *See* Comprehensive Crime Control Act of 1984, Pub.L. 98–473, ch. X, § 1005(a), 98 Stat.1976, 2138; *Martinez*, 49 F.3d at 1402 & n. 7; *United States v. Pisani*, 787 F.2d 71, 74 (2d Cir.1986).

2. One of Beierle's arguments on appeal is that his no contest plea was improperly obtained because the prosecution and his defense counsel

misrepresented to him that the maximum sentence that could be imposed if he went to trial on all three counts was 40 years. Beierle argues that in fact only 25 years could be imposed because he could not be sentenced under both sections 2113(d) and 924(c). As discussed above, however, this argument is in error. Had Beierle chosen to go to trial, he would have faced maximum sentences of 25 years for the section 2113(a, d) violation; 10 years for the section 924(c) violation; and 10 years for possessing an unregistered firearm in violation of 26 U.S.C. §§ 5861(d), 5871. Thus, he faced a total maximum sentence of 45 years.