97 F.3d 1461
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edgar FULLER, Defendant-Appellant.
 No. 95-55989.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 10, 1996.*
Decided Sept. 12, 1996.
 
 Before: FLETCHER, BRUNETTI, and JOHN T. NOONAN, Jr., Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Edgar Fuller appeals pro se the district court's denial of his second 28 U.S.C. § 2255 motion. Fuller contends that: 1) his conviction constitutes double jeopardy based on a previous administrative forfeiture; 2) he was denied the services of an expert witness at trial; 3) the government failed to disclose discovery under Brady v. Maryland, 373 U.S. 83, 87 (1963); 4) he was the subject of selective prosecution; 5) he is entitled to a downward departure based on U.S.S.G. § 5C1.2 ("safety valve provision"); and 6) the district court failed to hold an evidentiary hearing or appoint counsel. We review de novo a district court's decision on a 28 U.S.C. § 2255 motion. Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995). We have jurisdiction pursuant to 28 U.S.C. § 2255, and we affirm.
 
 
 3
 Fuller's double jeopardy claim is foreclosed by United States v. Ursery, 116 S.Ct. 2135, 2147 (1996) (civil forfeiture does not constitute punishment for double jeopardy purposes).
 
 
 4
 Fuller was represented by counsel at trial. Fuller claims that he requested, evidently in a pro se capacity, the services of an expert witness at trial and the request was denied. In order to show error, Fuller must establish that lack of an expert deprived him of the effective assistance of counsel. See United States v. Smith, 893 F.2d 1573, 1580 (9th Cir.1990). In Fuller's previous 28 U.S.C. § 2255 appeal, we determined that counsel was not ineffective for failing to obtain the services of an expert witness. See Fuller v. United States, No. 92-56307 (9th Cir. Oct. 1, 1993). Fuller's claim therefore fails. See Smith, 893 F.2d at 1580.
 
 
 5
 The district court found that Fuller failed to challenge the Brady violation in his direct appeal or in his previous 28 U.S.C. § 2255 motion and therefore the claim could not be asserted in a subsequent § 2255 motion. See Rule 9(b), Rules Governing Section 2255 Proceedings, 28 U.S.C. foll. § 2255 (second 28 U.S.C. § 2255 motion may be dismissed if movant abuses the procedure for presenting motion); cf. McClesky v. Zant, 499 U.S. 467, 493 (1991) (abuse of writ occurs if failure to present claim earlier is result of inexcusable neglect). Even assuming that Fuller could not have presented the claim in his previous 28 U.S.C. § 2255 motion because he did not have the purportedly undisclosed documents at the time, the claim lacks merit. Fuller concedes that the jury considered the documents, therefore no Brady violation occurred. See United States v. Bracy, 67 F.3d 1421, 1428-29 (9th Cir.1995) (no Brady violation where no suppression of information).
 
 
 6
 We agree with the district court that Fuller's selective prosecution claim is successive, because he raised the claim in his previous § 2255 motion, and that he has failed to show that the ends of justice require reconsideration of the claim. See Molina v. Rison, 886 F.2d 1124, 1127 (9th Cir.1989).
 
 
 7
 Fuller's claim that he is entitled to a reduction in his sentence under the safety valve provision is actually a request for resentencing under 18 U.S.C. § 3582(c)(2). See Hamilton v. United States, 67 F.3d 761, 764 (9th Cir.1995) (construing 28 U.S.C. § 2255 motion as 18 U.S.C. § 3582 request). Fuller is not eligible for a reduction in his sentence, because amendments 509 and 515, establishing the safety valve provision, are not listed in U.S.S.G. § 1B1.10(c). See U.S.S.G. § 1B1.10 comment. (n. 1) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range.").
 
 
 8
 Fuller raises a number of nonconstitutional sentencing claims that were not raised at sentencing or on direct appeal, including the district court's: 1) failure to correct factual inaccuracies in the presentence report, 2) erroneous calculation of the amount of cocaine, 3) erroneous denial of a reduction in Fuller's base offense level for acceptance of responsibility, 4) refusal to depart downward, and 5) enhancement of Fuller's base offense level because of his supervisory role and firearm possession. We will not review those issues because Fuller could have raised them on direct appeal. See United States v. Schlesinger, 49 F.3d 483, 485 (9th Cir.1994).
 
 
 9
 We do not address the following claims because Fuller raises them for the first time in this appeal: 1) violation of Fuller's Fifth Amendment right not to incriminate himself; 2) perjury by a government witness; and 3) a sentence in violation of the Equal Protection Clause based on the 100:1 ratio in the sentencing provisions for crack and powder cocaine. See United States v. Beierle, 77 F.3d 1199, 1201 (9th Cir.1996).
 
 
 10
 The district court did not abuse its discretion by denying Fuller an evidentiary hearing because the factual allegations, when viewed against the record, do not state a claim for relief. Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994). We find no abuse of discretion in the district court's denial of Fuller's request for counsel. See 18 U.S.C. § 3006A(a)(2)(B) (counsel may be appointed in "interests of justice"); cf. Weygant v. Look, 718 F.2d 952, 954 (9th Cir.1983) (per curiam). We deny the government's motion to expand the record.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Because we affirm the denial of the motion under the former version of 28 U.S.C. § 2255, we need not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3