98 F.3d 1347
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Herbert RUENZEL, Defendant-Appellant.
 No. 95-56587.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1996.*
Decided Oct. 9, 1996.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Herbert Ruenzel appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion. Ruenzel contends that: (1) his federal conviction violated the Double Jeopardy Clause based on a previous state forfeiture of property; (2) the district court erred by failing to hold an evidentiary hearing, permit discovery, and appoint counsel; and (3) the district court should have permitted Ruenzel to amend his § 2255 motion after the motion was denied. We review de novo a district court's decision on a § 2255 motion. Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995). We have jurisdiction pursuant to 28 U.S.C. § 2255, and we affirm.
 
 
 3
 Even assuming Ruenzel could show that the state non-judicial forfeiture did not constitute abandonment of the property, that the state forfeiture occurred before his federal conviction, and that the federal conviction amounted to a "sham," Ruenzel's double jeopardy claim is nonetheless foreclosed by United States v. Ursery, 116 S.Ct. 2135, 2147 (1996) (civil forfeiture does not constitute punishment for double jeopardy purposes).
 
 
 4
 The district court did not abuse its discretion by denying Ruenzel an evidentiary hearing because the factual allegations, when viewed against the record, do not state a claim for relief. See Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994). Similarly, because his motion lacked merit, the district court did not abuse its discretion by refusing to permit discovery. See Shah v. United States, 878 F.2d 1156, 1159 (9th Cir.), cert. denied, 493 U.S. 869 (1989). Finally, the district court did not abuse its discretion by denying Ruenzel's request for counsel because counsel was unnecessary for the presentation of Ruenzel's claims. See 18 U.S.C. § 3006A(a)(2)(B) (counsel may be appointed in "interests of justice"); cf. Weygant v. Look, 718 F.2d 952, 954 (9th Cir.1983) (per curiam).
 
 
 5
 Ruenzel moved to amend his § 2255 motion after the district court denied his motion to add a second double jeopardy claim based on a prior federal forfeiture, and to expand on his arguments why the state forfeiture constituted double jeopardy. The district court did not abuse its discretion by refusing to permit the amendments, because Ruenzel waited until his motion was denied before attempting to amend the motion and because the amendment would have been futile. See Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir.1995) (undue delay and futility are considerations in determining whether district court abused discretion in denying amendment of 28 U.S.C. § 2254 habeas corpus petition), cert. denied, 116 S.Ct. 718 (9th Cir.1996); see also Lindauer v. Rogers, 91 F.3d 1355, 1357 (9th Cir.1996) (post-judgment Rule 15(a) motion to amend may only be considered if judgment first reopened under Rule 59 or 60).
 
 
 6
 Ruenzel claims for the first time on appeal that a confidential informant had "perverse incentives" to aid in Ruenzel's conviction, and that his conviction violates the Double Jeopardy Clause and the Excessive Fines Clause because of a previous federal forfeiture. Because he did not present these claims in his § 2255 motion, and the district court did not address them, we refuse to consider them for the first time on appeal. See United States v. Beierle, 77 F.3d 1199, 1201 (9th Cir.1996); see also United States v. Birtle, 792 F.2d 846, 848 (9th Cir.1986) (claims raised for first time in reply brief will not be considered).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Because we affirm the denial of the motion under the former version of 28 U.S.C. § 2255, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3