98 F.3d 1347
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Abram MELIKSETIAN, Defendant-Appellant.
 No. 95-56714.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1996.*
Decided Oct. 10, 1996.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Abram Meliksetian appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion challenging his conviction and sentence for conspiracy and possession of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1). Meliksetian claims his counsel was ineffective, a government witness lied at trial, and his conviction violates the Double Jeopardy Clause. He also complains that his 121-month sentence violates the Due Process Clause. We have jurisdiction under 28 U.S.C. § 2255 and we affirm.
 
 
 3
 We review de novo both a district court's decision on a 28 U.S.C. § 2255 motion, Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995), and the court's determination that trial counsel rendered effective assistance, United States v. Span, 75 F.3d 1383, 1387 (9th Cir.1996).
 
 
 4
 To prevail on a claim of ineffective assistance, a defendant must show both that his counsel's performance was deficient and that this prejudiced his case. Strickland v. Washington, 466 U.S. 668, 688 (1984). To prove prejudice, a defendant must show that he was deprived of a fair trial. Id. at 687.
 
 
 5
 Meliksetian and two codefendants were tried together. After the judge gave the jury defendants' requested instruction on entrapment, Meliksetian's counsel informed the judge that he had decided not to pursue an entrapment defense, and the judge communicated this information to the jury. Although the jury did not conclude that they had been entrapped, Meliksetian's codefendants' convictions were reversed on appeal because the instruction proved inadequate under Jacobson v. United States, 503 U.S. 540 (1992). See United States v. Mkhsian, 5 F.3d 1306, 1311 (9th Cir.1993). On remand, both codefendants pleaded guilty and received sentences less than half the length of Meliksetian's.
 
 
 6
 Meliksetian asserts that his counsel's failure to secure for him the benefits of the illegal jury instruction constituted ineffective assistance. We disagree. A defendant is not entitled "to have the [district] court make an error in his favor." Lockhart v. Fretwell, 506 U.S. 364, 375 (1993) (O'Connor, J., concurring). And counsel's decision to withdraw the claim of entrapment cannot be said to have deprived Meliksetian of a fair trial. See Strickland, 466 U.S. at 687.
 
 
 7
 Meliksetian next complains that his attorney failed to raise any of five distinct grounds for departure at sentencing. Because none of the factors Meliksetian suggests would have authorized the district court to depart below the statutory minimum of 120 months, and because the sentence he ultimately got was 121 months, Meliksetian shows no prejudice. We therefore discern no ineffective assistance. See id. at 697.
 
 
 8
 Meliksetian contends that Richard Stanton, a government witness, lied at trial, and that the government failed to disclose facts about Stanton that would have enabled the defense to assail his credibility. Specifically, Meliksetian alleges that Stanton: did not live in Belize or own airplanes as he testified; had a 1985 misdemeanor conviction for driving under the influence; was the defendant in one or more lawsuits; filed for bankruptcy in the early 1980's; and was involved in an auto insurance fraud ring in the Eastern United States.
 
 
 9
 Because there is nothing in the record to suggest either that the government knowingly elicited false testimony or purposely failed to disclose what it knew of Stanton's history, we consider only whether disclosure of the facts Meliksetian alleges would have changed the result of the proceedings. United States v. Bagley, 473 U.S. 667, 682 (1985). In general, "[t]o warrant a new trial, ... new evidence must not be merely cumulative or impeaching." United States v. Endicott, 869 F.2d 452, 455 (9th Cir.1989) (citations omitted).
 
 
 10
 Here, Meliksetian calls into question Stanton's general credibility; none of Stanton's alleged lies relates to issues relevant to Meliksetian's guilt. As to those issues, Stanton's testimony was wholly corroborated by that of Johnnie Smith, a Special Agent with the Drug Enforcement Agency. Moreover, several of the meetings about which Stanton testified were recorded. We are confident, therefore, that the facts Meliksetian alleges, had they been brought to light, would not have changed the outcome of his trial. Hendricks, 993 F.2d at 673.
 
 
 11
 Meliksetian's double jeopardy claim was not raised in the district court, United States v. Beierle, 77 F.3d 1199, 1201 (9th Cir.1996), and is foreclosed by the Supreme Court's recent decision in United States v. Ursery, 116 S.Ct. 2135 (1996).
 
 
 12
 Finally, we reject Meliketsian's claim that the disparity between his and his codefendants' sentences violates the Due Process Clause. Disparity in sentencing among codefendants is not a sufficient ground for attacking a sentence, United States v. Taylor, 991 F.2d 533, 536 (9th Cir.), cert. denied, 510 U.S. 858 (1993), unless it is the "result of incorrect or inadmissible information, or an incorrect application of the Sentencing Guidelines." United States v. Carpenter, 914 F.2d 1131, 1136 (9th Cir.1990). None of these exceptions applies here.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3