103 F.3d 143
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David SITTON, Defendant-Appellant.
 No. 96-55298.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1996.*
Decided Nov. 7, 1996.
 
 Before: PREGERSON, REINHARDT, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner David Sitton appeals the district court's denial of his 28 U.S.C. § 2255 motion. We review de novo a district court's decision on a § 2255 motion. Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995). We have jurisdiction pursuant to 28 U.S.C. § 2255, and we affirm.
 
 
 3
 Sitton contends that he was erroneously sentenced because the government failed to prove that his drug conspiracy conviction involved d-methamphetamine rather than l-methamphetamine. Because he did not object at sentencing or on direct appeal, his claim is foreclosed by United States v. McMullen, No. 95-36031, slip op. at 14013 (9th Cir. Oct. 23, 1996).
 
 
 4
 Because Sitton failed to allege facts entitling him to relief, the district court did not abuse its discretion by denying Sitton an evidentiary hearing. Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994).
 
 
 5
 Sitton raises other issues for the first time on appeal. He contends that counsel was ineffective for failing to make the d-versus l-methamphetamine challenge at sentencing; amendment 484 to the Sentencing Guidelines should be applied retroactively; and the fifty percent ephedrine-to-methamphetamine conversion rate employed by the district court at sentencing was erroneous. Because Sitton failed to raise these issues in his § 2255 motion in the district court, we do not address them here. See United States v. Beierle, 77 F.3d 1199, 1201 (9th Cir.1996).
 
 
 6
 Finally, Sitton asserts that he has yet to be resentenced following this court's reversal of his drug possession conviction in his direct appeal. See United States v. Sitton, 968 F.2d 947, 963 (9th Cir.1992). Sitton's remedy for any error on the part of the district court is to bring the error to the attention of the district court.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Because we affirm the denial of the motion under the former version of 28 U.S.C. § 2255, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3