104 F.3d 366
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Raymond IGLESIAS, Defendant-Appellant.
 No. 96-35407.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1996.*
Decided Dec. 20, 1996.
 
 Before: SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Raymond Iglesias appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence for conspiracy to possess cocaine with intent to distribute. Iglesias contends that the district court erred by: (1) determining his offense level by using an amount of cocaine from a count of possession for which the jury failed to reach a verdict; and (2) failing to instruct the jury to continue their deliberation until it reached a verdict on all counts charged. We have jurisdiction pursuant to 28 U.S.C. § 2255. We review de novo the district court's denial of Iglesias's motion, Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995), and affirm.
 
 
 3
 Iglesias has previously raised his first claim on direct appeal, and we rejected the claim. Accordingly, we will not review his claim again in this proceeding. See United States v. Redd, 759 F.2d 699, 700-01 (9th Cir.1985) (per curiam); Egger v. United States, 509 F.2d 745, 748 (9th Cir.1975).
 
 
 4
 Because Iglesias did not raise his second claim in his section 2255 motion, we will not review it here. See United States v. Beierle, 77 F.3d 1199, 1201 (9th Cir.1996).
 
 
 5
 Accordingly, the district court's judgment is
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3