107 F.3d 17
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lynn DICKINSON, Defendant-Appellant.
 No. 95-15756.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 17, 1997.*
Decided Feb. 5, 1997.
 
 Before: LAY,** GOODWIN, and SCHROEDER, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Lynn Dickinson appeals pro se the district court's order denying her 28 U.S.C. § 2255 motion. We review de novo. See United States v. Beierle, 77 F.3d 1199, 1200 (9th Cir.1996). We have jurisdiction under 28 U.S.C. § 2255, and affirm.
 
 
 3
 Dickinson first contends that the district court erred by denying her claim that her criminal conviction was barred by the Double Jeopardy Clause based on an earlier Securities and Exchange Commission civil judgment. This argument is foreclosed by our recent decision in United States v. Gartner, 93 F.3d 633, 635 (9th Cir.), cert. denied, 117 S.Ct. 624 (1996) (holding that prior S.E.C. civil judgment was not "punishment" within the meaning of the Double Jeopardy Clause).
 
 
 4
 Dickinson also contends that the district court should not have allowed criminal proceedings to be brought against her because, in the S.E.C. case, the district court declined to refer the matter to the United States Attorney's Office. The record belies this contention. The district court noted that the receiver reported that "the United States Attorney had been apprised of the matters at bar even before the entry of the court's order."
 
 
 5
 We also reject Dickinson's contention that the district court erred by construing her Fed.R.Civ.P. 60(b) motion as a section 2255 motion because Rule 60(b) replaced the writ of error coram nobis. First, Rule 60(b) does not apply in criminal cases. United States v. Andrade-Larrios, 39 F.3d 986, 988 (9th Cir.1994). In addition, although the writ of error coram nobis is still available in some circumstances to challenge criminal convictions, United States v. Fonseca-Martinez, 36 F.3d 62, 64 (9th Cir.1994) (per curiam), it is generally not available for prisoners still in custody. United States v. Brown, 413 F.2d 878, 879 (9th Cir.1969). For prisoners, section 2255 is the proper method for raising collateral challenges. Id.; see also Hirabayashi v. United States, 828 F.2d 591, 604 (9th Cir.1987).
 
 
 6
 Finally, we decline to address the numerous contentions that Dickinson raises for the first time on appeal. See Beierle, 77 F.3d at 1201.
 
 Accordingly, the district court's order is
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Because we affirm the dismissal of the motion under the former version of 28 U.S.C. § 2255, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal
 
 
 **
 Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3