122 F.3d 1075
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Barry R. SCHOTZ, Defendant-Appellant.
 No. 96-17160.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Decided Sept. 5, 1997.
 
 Appeal from the United States District Court for the Eastern District of California William B. Shubb, Chief Judge, Presiding.
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Barry R. Schotz, a federal prisoner, appeals pro se the district court's dismissal of his habeas corpus petition brought under 23 U.S.C. § 2241. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo the district court's decision to grant or dismiss a habeas corpus petition, see Camacho v. White, 918 F.2d 74, 77 (9th Cir.1990), and we affirm.
 
 
 3
 Schotz filed a "Motion for Correction and Clarification of Sentence," which the district court initially construed as a motion to vacate Schotz's sentence pursuant to 28 U.S.C. § 2255.
 
 
 4
 After appointing Schotz's trial counsel to represent him on the section 2255 motion, the district court held a hearing on the motion, which Schotz did not attend. At the hearing, Schotz's counsel informed the court that the purpose of the motion was to challenge an adverse decision by the Parole Commission that was based in part on the $8 million estimate of victim loss in Schotz's plea agreement and presentence investigation report. The district court then construed Schotz's motion as a 28 U.S.C. § 2241 habeas corpus petition and dismissed it without prejudice so that Schotz could refile in the proper district. On appeal, Schotz contends that he received ineffective assistance of counsel in the underlying criminal case, that his counsel in the instant case suffered a conflict of interest, and that the district court improperly construed his motion as a section 2241 habeas corpus petition. These contentions lack merit.
 
 
 5
 Schotz's claim that he received ineffective assistance in the underlying criminal case was not raised before the district court, and we decline to consider it for the first time here. See United States v. Beierle, 77 F.3d 1199, 1201 (9th Cir.1996).
 
 
 6
 An attorney's representation is considered ineffective due to a conflict of interest if the defendant can establish that "his attorney actively represented conflicting interests" which adversely "affected his attorney's performance." Quintero v. United States, 33 F.3d 1133, 1135 (9th Cir.1994) (per curiam). Here, Schotz's conflict of interest allegations are based on his attorney informing the court that no objection was made at sentencing to the loss figure in the presentence report. An attorney's truthful answer to such a question by the court does not constitute a conflict of interest. Cf. United States v. Perry, 857 F.2d 1346, 1349-1351 (9th Cir.1988) (stating that attorney divulging unprivileged information pursuant to grand jury subpoena does not create conflict of interest).
 
 
 7
 Finally, to the extent that Schotz is challenging the Parole Commission's decision, the district court properly construed his motion as a section 2241 habeas corpus petition. A decision by the Parole Commission is properly challenged through section 2241 rather than section 2255. See United States v. Doganiere, 914 F.2d 165, 169-70 (9th Cir.1990). Moreover, a habeas corpus petition must be filed in a district court with jurisdiction over the defendant. See 28 U.S.C. § 2241 (1994); Doganiere, 914 F.2d at 170. Accordingly, the district court properly dismissed Schotz's petition. See United States v. Brittingham, 982 F.2d 378, 379-80 (9th Cir.1992).[1]
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Schotz also argues that in the event of a remand his case should be heard by a different judge. We need not reach this issue since a remand is not warranted