125 F.3d 859
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Joe MURRAY, Defendant-Appellant.
 No. 96-15178.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1997.*
Decided Sept. 24, 1997.
 
 Appeal from the United States District Court for the Eastern District of California, Nos. CV-92-00789-WBS and CR-88-00272-WBS; William B. Shubb, Chief Judge, Presiding.
 Before: HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Joe Murray appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence imposed following his conviction for drug offenses. Murray contends that he received ineffective assistance of trial and appellate counsel. Murray also contends that the district court abused its discretion by denying his motion to amend and that his sentence should be recalculated using 1-methamphetamine guidelines rather than the d-methamphetamine guidelines. We have jurisdiction pursuant to 28 U.S.C. § 2255. We review de novo, Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995), and affirm.
 
 I. Ineffective Assistance of Counsel
 
 3
 To prevail on a claim of ineffective assistance, a defendant must show both that his counsel's performance was deficient and that this prejudiced his case, Strickland v. Washington, 466 U.S. 668, 688 (1984). "If it is possible to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, we may do so without examining the performance prong." Id. at 697.
 
 A. Trial Counsel
 
 4
 Murray first contends that his trial counsel was ineffective because he did not allow Murray to testify at trial and did not inform Murray of his right to testify. Counsel made a tactical decision not to have Murray testify, see id., and Murray's failure to object to his attorney's decision or inform the court that he wished to testify constitutes a waiver of the right to testify, see United States v. Nohara, 3 F.3d 1239, 1243-44 (9th Cir.1993).
 
 
 5
 Murray next contends that his trial counsel was ineffective for failing to request jury instructions on (1) the fact that no adverse inference should be drawn because a defendant chooses not to testify, (2) all the elements of the offense charged, and (3) the government's burden to prove guilt beyond a reasonable doubt. Murray did not challenge these instructions in his original motion in district court and they will not be considered for the first time on appeal. See United States v. Beierle, 77 F.3d 1199, 1201 (9th Cir.1996).
 
 B. Appellate Counsel
 
 6
 Murray contends that his appellate counsel was ineffective by failing to appeal the sufficiency of the evidence supporting his conspiracy conviction. This contention lacks merit.
 
 
 7
 The test for sufficiency of the evidence is whether any rational jury could find the existence of the elements beyond a reasonable doubt viewing the evidence in the light most favorable to the government. See United States v. Lennick, 18 F.3d 814, 818 (9th Cir.1994). At the time of Murray's offense we held that, in order to prove Murray guilty of conspiracy, the government needed to prove that Murray intended to manufacture and distribute a controlled substance knowingly, agreed to do the same, and committed an overt act in furtherance of that agreements. See United States v. Shabani, 993 F.2d 1419, 1420 (9th Cir.1993). Under current law, the government is required to prove only intent and agreement. See Shabani v. United States, 513 U.S. 10, 15 (1994).
 
 
 8
 Under either test, ample evidence existed for the jury to have rationally concluded beyond a reasonable doubt that the government satisfied every element of conspiracy to manufacture and distribute a controlled substance. See United States v. Lennick, 18 F.3d 814, 818 (9th Cir.1994). Murray was arrested on the site of a large methamphetamine laboratory in the early morning hours, and he had a small amount of methamphetamine on his person along with a formula for manufacturing methamphetamine. Thus, Murray's ineffective assistance of appellate counsel claim lacks merit. See Strickland, 466 U.S. at 469.
 
 II. Remaining Claims
 
 9
 Murray contends that the district court abused it discretion by denying his motion amend to allege that his sentence should be reduced based on Amendment 484 to the 1993 version of U.S.S.G. § 2D1.1. This contention lacks merit. Because Murray seeks the retroactive application of an amendment to the Guidelines, this claim is outside the bounds of 28 U.S.C. § 2255 and could only be properly brought pursuant to 18 U.S.C. § 3582(c)(2). See Hamilton v. United States, 67 F.3d 761, 764 (9th Cir.1995). Moreover, Murray failed to show how the amendment applied to his sentence or how his sentence would be reduced by the amendment.
 
 
 10
 Finally, Murray contends that his sentence should be recalculated using the 1-methamphetamine guidelines rather that the d-methamphetamine guideline. This issue was not raised below and will not be considered for the first time on appeal. See Beierle, 77 F.3d at 1201.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3