127 F.3d 1108
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Saul SCHERZER, Defendant-Appellant.
 No. 96-56641.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1997.**
Decided Oct. 24, 1997.
 
 Appeal from the United States District Court for the Central District of California Consuelo B. Marshall, District Judge, Presiding
 Before: THOMPSON, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Michael Scherzer, a former federal prisoner, appeals the district court's denial of his 28 U.S.C. § 2255 motion challenging his conviction and sentence following a jury trial for six counts of wire fraud. Scherzer contends that he: (a) received ineffective assistance of counsel; (b) was prevented from conducting diligent discovery; and (c) was deprived of due process based on prosecutorial misconduct. We have jurisdiction under 28 U.S.C. § 2255. We review the district court's legal conclusions de novo, and its findings of fact for clear error. See United States v. Span, 75 F.3d 1383, 1386 (9th Cir.1996). We affirm.
 
 A. Ineffective Assistance of Counsel
 
 3
 Scherzer contends that his counsel was ineffective because she failed to raise a statute of limitations defense, and was ineffective in general.[1] These contentions lack merit.
 
 
 4
 To establish ineffective assistance of counsel, a defendant must prove that his counsel's performance was unreasonable under prevailing professional standards, and that there is a reasonable probability that but for counsel's unprofessional errors, the result would have been different. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Span, 75 F.3d at 1387. If it is possible to resolve an ineffectiveness claim on the ground of lack of sufficient prejudice, we may do so without examining the performance prong. See Strickland, 466 U.S. at 697.
 
 
 5
 First, Scherzer has not shown prejudice from counsel's failure to raise a statute of limitations defense. In both cases, Scherzer lulled the victims after he received the loans, so his lulling actions brought the charges within the statute of limitations. See United States v. Feldman, 853 F.2d 648, 655 (9th Cir.1988) (use of the wires after the schemer has obtained money from his victim may support a wire fraud conviction when communications made to lull the victims into a false sense of security). Because Scherzer engaged in conduct in furtherance of fraud after he received loans from the victims, his indictments were within the statute of limitations, and there is no reasonable probability that the result of his trial would have been different. See 18 U.S.C. § 1343; Span, 75 F.3d at 1387.
 
 
 6
 Second, Scherzer contends his attorney was ineffective in general because she allegedly told him she was not qualified to represent him in a white-collar matter, that she was too busy, and that she should be paid by him even though she was appointed counsel. However, Weston refuted these contentions at the evidentiary hearing, and the district court's finding that Weston was credible is not clearly erroneous. See Strickland, 466 U.S. at 687-88; Span, 75 F.3d at 1387.
 
 B. Discovery
 
 7
 Scherzer contends that the district court erred by denying his request for discovery to obtain a detailed audit of the losses. This contention lacks merit.
 
 
 8
 In denying Scherzer's motion for discovery the district court judge gave Scherzer's claim careful consideration and plenary processing, including full opportunity for presentation of the relevant facts. See Shah v. United States, 878 F.2d 1156, 1159 (9th Cir.1989); Section 2255 Rules, Rule 6(a) and 7(a). Because a detailed audit is unnecessary for restitution, the district court did not abuse its discretion in denying the motion to conduct discovery. See id.
 
 C. Prosecutorial Misconduct
 
 9
 Scherzer contends that he was deprived of due process because of prosecutorial misconduct. Specifically, Scherzer alleges that he was told by the Assistant United States Attorney that (1) the attorney "was embarrassed to dismiss the case", (2) prosecutors and government agents tampered with the juror notebooks, and (3) Scherzer "was not a target of the investigation and that he was a cooperative witness." These contentions lack merit.
 
 
 10
 Prosecutorial misconduct must be evaluated in the context of the entire trial. It justifies reversal only when it denies the defendant a fair trial. See United States v. Ochoa-Sanchez, 676 F.2d 1283, 1289 (9th Cir.1982). However, Overtoom refuted these contentions at the evidentiary hearing and the district court's finding that Overtoom was credible is not clearly erroneous. See United States v. Quan, 789 F.2d 711, 715 (9th Cir.1986) (conclusory allegations unsupported by facts and refuted by the record do not warrant relief).
 
 
 11
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Scherzer also contends that counsel was ineffective for failing to contest the restitution order. Because Scherzer did not present this claim to the district court, we do not address it here. See United States v. Beierle, 77 F.3d 1199, 1201 (9th Cir.1996)