133 F.3d 929
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Cyrus CERRO, Defendant-Appellant.
 No. 97-55127.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 12, 1998**
Decided Jan. 20, 1998.
 
 Before BROWNING, KLEINFELD, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Cyrus J. Cerro, a former federal prisoner, appeals pro se the district court's order granting in part and denying in part his 28 U.S.C. § 2255 motion. We review de novo, see United States v. Beierle, 77 F.3d 1199, 1200 (9th Cir.1996), and affirm.
 
 I. Ex Post Facto Clause
 
 3
 Cerro contends that the district court erroneously sentenced him under the 1988 amendment of 15 U.S.C. § 78ff in violation of the Ex Post Facto Clause after the government overstated the maximum penalty in reliance on the amendment. We agree with the district court that Cerro was properly sentenced under the statute in effect at the time the offense were committed.[1]
 
 II. Ineffective Assistance of Counsel
 
 4
 Cerro contends that counsel was ineffective at sentencing for failing to inform him that the counts of conviction were barred by the statute of limitations. This contention lacks merit because Cerro expressly waived the statute of limitations so he could plead to pre-Guidelines counts and avoid a mandatory sentencing range. See United States v. Littlefield, 105 F.3d 527, 528 (9th Cir.), cert. denied, 117 S.Ct. 2423 (1997) (per curiam) (recognizing that statute of limitations is a non-jurisdictional defense subject to waiver); see also Strickland v. Washington, 466 U.S. 668, 697 (1984) (ineffective assistance of counsel claims may be disposed of solely for lack of prejudice).
 
 
 5
 Cerro also contends that counsel was ineffective for failing to: (1) discuss the presentence report with him prior to sentencing; (2) object to a victim loss calculation in the presentence report; (3) challenge the court's restitution order as illegal under 18 U.S.C. § 3579; and that counsel's numerous mistakes constitute cumulative error. We disagree. The record indicates that counsel and Cerro did discuss the presentence report prior to sentencing, and that counsel's decision not to object to the loss calculation was a reasonable tactical judgment. See Strickland, 466 U.S. at 689. Furthermore, the restitution order was proper as a condition of the five-year term of probation imposed on Count 3. See 18 U.S.C. § 3651 (repealed 1987); Strickland, 466 U.S. at 697. Finally, Cerro fails to demonstrate that he suffered any prejudice not remedied by the amended restitution order. See id. at 697.[2]
 
 
 6
 Cerro also contends that he is entitled to collateral relief beyond the district court's order reducing the amount of restitution owed because he was found ineligible for parole as a result of sentencing counsel's failure to object to the erroneous restitution order. Because Cerro is now on parole, this claim is moot. See Fendler v. Bureau of Prisons, 846 F.2d 550, 555 (9th Cir.1987).
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. 137-80 of Cerro's excerpts of record is granted. See Fed. R.App. P. 10(a)
 
 
 *
 This disposition is not appropriate for publication may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We also agree that the government's overstatement of the maximum penalty did not render Cerro's plea involuntary or not knowing and intelligent. See United States v. Sanclemente-Bejarano, 861 F.2d 206, 210 (9th Cir.1991) (per curiam) (holding failure to properly advise defendant of maximum penalty harmless where "the defendant knew before pleading guilty that he could be sentenced to a term as long as the one he actually received")
 
 
 [2]
 Cerro also contends for the first time on appeal that sentencing counsel was ineffective for failing to inform him of his right to appeal. Cerro's habeas counsel did not raise this issue in his section 2255 petition. Because none of the exceptions apply here to overcome the general rule that issues raised for the first time on appeal are considered waived, we do not consider it. See United States v. Reyes-Alvarado, 963 F.2d 1184, 1189 (9th Cir.1992) (ineffective assistance of counsel claim first raised on appeal deemed waived where denial of review will not result in a miscarriage of justice, the issue does not arise during the pendency of the appeal due to a change in the law, and the issue is not purely one of law)
 We do not consider Cerro's claim that he was induced to plead guilty by his attorney's overstatement of the maximum penalty because he withdrew this claim prior to the district court's ruling. See Beierle, 77 F.3d at 1201.