NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 8 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-35544 |
| Plaintiff-Appellee, | D.C. Nos. 6:19-cv-00038-BMM |
| v. | 6:17-cr-00010-BMM-1 |
| EDWARD PAUL ELLINGTON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted July 6, 2022[**]
Portland, Oregon

Before: WATFORD, R. NELSON, and LEE, Circuit Judges.

Edward Paul Ellington appeals from the district court's order denying his

motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. We

affirm.

**1.** The district court correctly concluded that Ellington did not establish

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

ineffective assistance of his sentencing counsel in failing to object to the calculation of the drug weight or the sentencing enhancements applied in this case. In order to prevail on an ineffective assistance of counsel claim, Ellington must show that (1) counsel's performance fell outside the wide range of reasonable professional assistance, and (2) there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984).

As the district court explained, the presentence report set out the factual basis for each of the sentencing enhancements, and Ellington's § 2255 motion failed to allege any specific facts or law that undermined any enhancement. With respect to drug weight, Ellington was held responsible for the quantity of drugs that he himself admitted to obtaining and distributing and those found in his vehicle during a law enforcement search. In the absence of any factual allegations demonstrating that counsel had a legitimate objection to make, Ellington has failed to show that sentencing counsel's performance was unreasonable. *See id.* at 687–88. And because he has failed to allege any facts showing a reasonable probability that a challenge to the enhancements would have been successful, Ellington likewise cannot demonstrate the necessary prejudice. *Id.* at 694.

**2.** The district court correctly concluded that Ellington failed to establish ineffective assistance based on counsel's lack of investigation into possible

misconduct by Sheriff Roger Thompson in a matter involving one of Ellington's known suppliers. Ellington voluntarily spoke with law enforcement and admitted to trafficking methamphetamine. He was subsequently caught with methamphetamine in his vehicle. It is undisputed that Sheriff Thompson was not involved in the search of Ellington's vehicle or his arrest. Moreover, Ellington was indicted, convicted, and sentenced for conduct that occurred prior to, and in a different county than, later misconduct by Sheriff Thompson with respect to another suspect. Thus, even if the failure to investigate was unreasonable, Ellington has failed to demonstrate a reasonable probability that the lack of investigation into Sheriff Thompson resulted in prejudice. *Id.*

3. Ellington additionally claims that his prior counsel, Todd Whipple, was ineffective due to an alleged conflict of interest. Because Ellington failed to raise this claim below, it is not properly before us. *See United States v. Beierle*, 77 F.3d 1199, 1201 (9th Cir. 1996).

4. The district court did not abuse its discretion in denying Ellington's motion without a hearing because "the motion and the files and records of the case conclusively show that [Ellington] is entitled to no relief." 28 U.S.C. § 2255(b); *see United States v. McMullen*, 98 F.3d 1155, 1158–59 (9th Cir. 1996).

**AFFIRMED.**